(No. 77-CC-1645—

WILLIAM WIED, Claimant, v. THE STATE OF ILLINOIS,
Respondent.

*Opinion filed February 19, 1980.*

DONALD J. WEAVER, for Claimant.

WILLIAM J. SCOTT, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim for property damage to an automobile brought pursuant to the provisions of section 8(d) of the Court of Claims Act. Ill. Rev. Stat. 1977, ch. 37, par. 439.8(d).

The incident in question occurred on January 14, 1977, on Route 25 in Geneva, Illinois, near the Geneva Girls School. On that date, at approximately 10:00 p.m., Claimant was driving in a northerly direction on Route 25. The highway is a two-lane road, but near the Geneva Girls School, it becomes a four-lane highway divided by a raised median strip nine inches high and three feet wide. Approximately 1,500 feet south of the median strip is a sign warning of a median strip and divided traffic ahead. Immediately preceding the median is a corrugated rumble strip approximately 150 feet in length. The rumble strip is a warning device to warn the traveling public of the divided highway ahead. On the night the accident occurred, the highway was clear but the rumble strip was covered with snow and the median strip itself was covered with one to two inches of snow.

On January 14, 1977, at approximately 10:00 p.m., Claimant was driving north on Route 25 and struck the median strip, causing extensive damage to his automo-

bile. He was driving approximately 35 to 45 m.p.h. This is an unlighted area and his headlights were on casting a beam about 200 feet ahead of his car. Claimant did not see the median strip and drove onto it, straddling it for a distance of 100 to 200 feet, causing the damage complained of.

A regulatory sign ordinarily in place at the south end of the median advising motorists to keep right was down at the time of the accident.

It is Claimant's contention that the accident was caused by the failure of the State to maintain the regulatory sign at the south end of the median strip. It is also his contention that the State had constructive knowledge of this sign being down.

The evidence in this case indicates that the State had no actual knowledge of this sign being down. There is evidence to the effect that the police officer of the City of Geneva had, on January 6, 1977, noticed that the sign was down and made a report to that effect. There is no showing that the State ever received said report.

The evidence discloses that on the night in question, Claimant had done some drinking, just how much was not determined because claimant stated he did not remember how many drinks he had. He had been drinking beer but stated he did not remember how much he consumed.

Claimant testified his car went over the corrugated concrete rumble strip but, despite this fact, he still straddled the median strip. The evidence indicates that the median strip was approximately nine inches high and was covered by approximately two inches of snow and his headlights gave a clear picture of about 200 feet ahead.

This Court has repeatedly held that before there can be recovery in cases of this nature, it must be shown (1) that Claimant was free from contributory negligence; (2) that the negligence of the State was the proximate cause of the accident; and (3) the amount of damages sustained.

Geneva police officer John R. Malone testified that the sign was down on January 6, 1977, and that he had made a written report of this fact. He made the conjecture that the sign must have been put back up between January 6 and January 14, because otherwise he would have reported it missing again. This strengthens the position of the Respondent that it had no notice of any kind or character that the sign was down at the time the accident occurred.

It is the opinion of this Court that the fact that the warning sign located approximately 1,500 feet from the place of the accident was ignored by Claimant and the rumble strip was also ignored by Claimant would indicate he was not free from contributory negligence.

The record is devoid of any evidence that would indicate the State failed to replace the sign alleged to have been down at the time of the accident and was the decisive factor in causing the accident.

Award is denied and this cause is dismissed.